IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPH HERCULES NORTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-0215 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

On January 9, 2014, Petitioner filed a letter with the Clerk stating "[e]nclosed please find my Pro Se Defendant motion for extension of time - 30 day to gather information to file Petition for a 1983 Review [sic throughout]." No motion was enclosed with the letter.

On December 26, 2013, Petitioner was ordered to advise the Court on or before January 9, 2014 whether he intends to supplement the previously filed "Motion for the Disposition of Case II766 D.N.A. Testing" with any additional pleadings, *i.e.* either a 28 U.S.C. § 2254 or a 42 U.S.C. § 1983 form. On January 29, 2014, the Court extended the deadline for Petitioner to respond to the December 26 Order, until February 28, 2014.

As of this date, petitioner has not submitted any additional pleadings in the instant case; however, on March 3, 2014, Petitioner filed a complaint on the form provided for prisoners filing claims under 42 U.S.C. § 1983. The instant cause number did not appear on the form, and a new Civil Action No. 2:14-CV-40 styled *Joseph Hercules Norton v. Judge Ron Enns, et al.*, was opened. The claims raised in Civil Action No. 2:14-CV-40 also pertain to DNA testing of items related to his state conviction, and multiple pleadings have since been filed in that case.

It is the opinion of the undersigned that this petition should be dismissed for want of prosecution.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus filed by petitioner JOSEPH HERCULES NORTON be DISMISSED for want of prosecution.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 10th day of April, 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## *  **NOTICE OF RIGHT TO OBJECT** *

      Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).